[S. F. No. 5402. In Bank.—May 25, 1910.]

MERCED RIVER ELECTRIC COMPANY, Plaintiff, v. CHARLES F. CURRY, Secretary of State etc., Defendant.

CORPORATIONS—"CREATION OF BONDED DEBT"—COMPLIANCE WITH CODE—MANDAMUS TO SECRETARY OF STATE.—Where a corporation having an authorized capital stock of two million dollars, divided into twenty thousand shares of one hundred dollars each, twenty-five shares of which had been subscribed and issued, did, by proceedings taken in accordance with section 359 of the Civil Code, resolve to create a bonded debt of one million five hundred thousand dollars, and executed a certificate showing the due adoption thereof, and all the facts required to be stated therein, and filed the same in the office of the proper county clerk, a copy of which, duly certified, was presented to the secretary of state in his official capacity, with the request that he file the same, which he refused to do, *mandamus* will issue to compel him to perform his official duty in that regard.

ID.—CONSTRUCTION OF CONSTITUTION—"FICTITIOUS" INDEBTEDNESS—"INCREASE."—Section 11 of article XII of the constitution, making void all "fictitious" indebtedness of corporations, and providing that the bonded debt thereof "shall not be increased, except in pursuance of a general law, nor without the consent of the persons holding the larger amount in value of the stock, at a meeting called for that purpose, giving sixty days public notice," is not applicable where no "fictitious" debt is proposed, nor any "increase" of a bonded debt, and the corporation merely proposes to "create" a bonded debt in the future, in the manner provided by law.

ID.—MODE OF CREATION OF BONDED DEBT.—Section 359 of the Civil Code authorizes the "creation" of a bonded debt by the unanimous

vote of all the directors and the written consent of the holders of two thirds of the subscribed or issued capital stock, without the formality or delay of a meeting of the stockholders called for that purpose. The constitution does not require that such meeting be held, or that such notice shall be given, in order to "create" an original bonded debt.

ID.—PROHIBITION OF "CREATION" OF DEBTS BEYOND SUBSCRIBED CAPITAL STOCK.—The prohibition in section 309 of the Civil Code that the directors of corporations must not "create" any debts beyond their subscribed capital stock, does not apply to prevent the filing of a certificate to authorize indebtedness to be created in future in proportion to the stock then subscribed.

ID.—DEBT NOT CREATED BY CERTIFICATE, BUT BY BOND ISSUE.—No debt is created by the certificate authorizing the future bond issue; nor can any debt be created until the bond creating is issued by the company and delivered to a third person for a valuable consideration.

ID.—MATERIALITY OF TIME FOR SUBSCRIPTION TO STOCK.—Whether such stock as represents the debt to be created is subscribed at or before the adoption of the resolution to create the bonded debt, or the filing of the certified copy of the certificate with the secretary of state, is immaterial, provided a sufficient amount of stock is subscribed as the bonds are sold and delivered.

ID.—REFUSAL OF SECRETARY OF STATE TO FILE CERTIFICATE NOT JUSTIFIED—PEREMPTORY MANDATE.—The fact that the stock has not yet been subscribed to the amount of the debt to be created, is no ground for the refusal of the secretary of state to file a certificate authorizing the creation of a future indebtedness, and a peremptory mandate will issue to compel such filing.

APPLICATION for Writ of Mandate to the Secretary of State.

The facts are stated in the opinion of the court.

William B. Bosley, for Petitioner.

U. S. Webb, Attorney-General, for Respondent.

SHAW, J.—The plaintiff, by original proceeding in this court, asked for a writ of mandate to compel the defendant, as secretary of state, to receive and file in his office a duly certified copy of a certificate duly made by the plaintiff for the purpose of creating a bonded debt.

The plaintiff is a private corporation, duly organized under the laws of this state. Its authorized capital stock is two mil-

lion dollars, divided into twenty thousand shares of the par value of one hundred dollars each. Only twenty-five shares have been subscribed for or issued. By proceedings duly taken, in accordance with the provisions of the fifth subdivision of section 359 of the Civil Code, the corporation resolved to create a bonded debt of $1,500,000. A certificate showing the due adoption of this resolution, and all the facts required to be stated therein by subdivision seven of said section, was duly executed by the proper officers of the corporation, and, as required in subdivision eight of said section, it was filed in the office of the county clerk of the county in which the original articles of the corporation were filed. A copy of this certificate, duly certified by said clerk, was presented to the defendant, in his official capacity as secretary of state, and he was requested to file the same, as required by said eighth subdivision. He refused to do so, assigning as his reason that by section 309 of the Civil Code corporations are forbidden to create any debts beyond their subscribed capital stock, and that it would violate section 11 of article XII of the constitution.

The aforesaid section of the constitution merely declares that all fictitious indebtedness of a corporation shall be void and that the bonded debt thereof shall not be *increased,* except in pursuance of a general law, nor without the consent of the holders of a majority of its stock, at a meeting duly called upon sixty days' notice. No fictitious debt is here proposed, nor an "increase" of the bonded debt. There is no existing bonded debt and the corporation proposes to "create" one, not to increase a bonded indebtedness already in existence. The statute (Civil Code, section 359) authorizes such *creation* of a bonded debt by the unanimous vote of all the directors and the written consent of the holders of two thirds of the subscribed or issued capital stock, but without the formality or delay of a meeting of the stockholders called for that purpose upon sixty days' notice. The constitution does not require that such meeting be held or that such notice be given, in order to *create* an original bonded debt, such as is here contemplated, and we do not think it applies to this case.

Section 309 of the Civil Code declares that: "The directors of corporations" must not "create any debts beyond their subscribed capital stock." If the bonded debt proposed could be

considered as "created" when this certificate is filed by the secretary of state, this section might justify the defendant's refusal to receive and file it. But no such bonded debt is yet created, nor would its creation be accomplished by such filing of the certificate. All that has been accomplished so far, and all that could be accomplished by the filing of the cer-. tificate, would be the mere authorization to the officers of the company to prepare, sign, and seal bonds of the company to the stated number and amount, ready for sale and delivery whenever such delivery may become lawful by reason of subscriptions for the required amount of stock. The debt represented by any bond, would not exist nor be *created* until the bond is issued by the company,—that is, delivered to a third person for a valuable consideration. Whether such stock is subscribed at or before the adoption of the resolution to create the bonded debt, or the filing of the copy of the certificate with the secretary, is immaterial, provided a sufficient amount of stock is subscribed as the bonds are sold and delivered. The fact that such stock has not yet been subscribed is no ground for the refusal of the secretary to file the certified copy of the certificate. For these reasons the peremptory writ of mandate was issued.

Sloss, J., Angellotti, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.